VAN DEUSEN *v.* BROWN.

SPECIFIC PERFORMANCE — FRAUD—CONTRACTS—VENDOR AND PURCHASER—BROKERS.

Specific performance was properly denied upon a record showing that complainant, a real estate broker, obtained from the owner of a farm an option in writing to sell the farm on terms stated therein, that complainant read the instrument to him omitting the clause relating to the consideration and a clause requiring a sixty-day notice in writing of the grantor's intention to terminate his option, and that the said owner and grantor was old, feeble and in ill health and relied upon

---

[1] Not officially reported.    Rehearing pending.
167 MICH.—4.

complainant to read the paper to him, and subsequently attempted to revoke the option according to the provisions as read.

Appeal from Clare; Dodds, J. Submitted June 21, 1911. (Docket No. 98). Decided September 29, 1911.

Bill by James M. Van Deusen against John R. Brown for specific performance. From a decree for defendant, complainant appeals. Affirmed.

*George J. Cummins*, for complainant.

*Quinn & Quinn*, for defendant.

MOORE, J. This is a bill filed for the specific performance of a land contract. The testimony was taken in open court. The learned trial judge filed a written opinion which so clearly states the situation that we quote it here:

"On the 20th day of April, 1909, William R. Crandell was the owner of the northeast quarter of section 36, Greenwood township, in said (Clare) county, and on said day the complainant appeared at his residence on said land and procured him to sign a paper which has been called an 'option,' and which provides, in substance, that 'in and for the consideration of $1, the receipt of which is hereby acknowledged,' Crandell appointed complainant sole agent for the sale of said land, for the price of $1,150, to be paid $300 cash on delivery of a contract which Crandell agrees to give complainant, or any party designated by him, and $150 each year after date of purchase, until all shall be paid. The possession is to be given at the time of first payment, and Crandell is to give a warranty deed and abstract showing perfect title. Crandell is prohibited from selling or incumbering without written consent of complainant, who is authorized to contract for a sale of said land and any sum in excess of the option price shall belong to him as compensation for sale. At any time after 1st day of December, 1909, this contract may be terminated upon 60 days' written notice by Crandell to complainant.

"At the time this option was given, Crandell was in

poor health, and it is apparent from his appearance upon the stand that he is still somewhat feeble. His signature shows that he can barely write his name. When he signed the option, complainant assumed to read it to him, but admits that he left out entirely the consideration, and that no consideration was in fact paid. It is also shown by Crandell and his niece, Mrs. Johnson, that the clause providing for 60 days' notice to terminate the option was also omitted when it was read over by complainant to Crandell. At the time of the signing, it was also explained by Crandell to complainant that the option could be terminated and withdrawn at any time Crandell should see fit.

"Upon June 12, 1909, complainant again went to said premises and procured Crandell to state in writing, upon the same sheet of paper and under said option, that, 'If the place is sold for cash, I will take $800 cash on delivery.' In the latter part of June Crandell went to Van Deusen for the purpose of withdrawing the option, and at that time such talk was had that the property was still in complainant's hands for sale, but the testimony shows plainly that afterwards, and in August, Crandell entirely withdrew the option. It was not until this time that Crandell knew that any notice to terminate the same was provided in the paper itself. On or about the 8th day of November, Crandell deeded to defendant, and on the 20th of the same month complainant tendered defendant $800, and on his refusal to accept the same filed a bill of complaint in this case.

"Defendant knew that complainant had the land for sale, but did not know of the writing. He had himself, earlier in the year, obtained a parol option for the sale of the same land. I am of opinion, however, that he had sufficient notice to put him upon inquiry, and if complainant had any rights he would be bound.

"I am satisfied that complainant has no equities. Even if the bill would lie against the defendant under the circumstances complainant sets up in his bill, the testimony shows plainly that there was a withdrawal of the option, and I am of opinion, also, that the sale to defendant would of itself be a withdrawal; but I am also of the opinion that the omission of the consideration clause and the clause for a notice when complainant read the option to Crandell, knowing that Crandell depended upon the reading for an understanding thereof, renders the option

itself invalid. Let a decree be entered dismissing the bill, with costs in favor of the defendant."

A decree was entered in accordance with the opinion. The case is brought here by appeal.

The solicitor for complainant contends—

"That there are involved in this proceeding just two questions:

"*First.* Did Mr. Crandell withdraw the option given to complainant?

"*Second.* If Mr. Crandell did not withdraw such option, did Brown, the defendant, have knowledge of the option which complainant claimed to have, or did he have sufficient knowledge to put him upon inquiry?"

The solicitors for defendant contend:

"Three questions are presented:

"*First.* Did appellant have a valid option contract for the purchase or sale of the land in question?

"*Second.* If the option contract was valid, was it revoked or withdrawn at the time defendant purchased the land?

"*Third.* If the option contract was valid and not revoked, did defendant have knowledge of its existence, or sufficient knowledge to put him on inquiry?"

We think it unnecessary to discuss the several contentions of the solicitors, for we are satisfied that Mr. Crandell relied upon complainant to truly read to him the paper he was induced to sign, and that it was not so read, but important parts thereof were purposely omitted. We are also satisfied that Mr. Candell undertook to revoke the option, as he understood he had the right to do from the reading of the paper to him, and did in fact revoke it.

The decree is affirmed.

MCALVAY, BROOKE, BLAIR, and STONE, JJ., concurred.