GIBB *v.* MINTLINE.

1. SPECIFIC PERFORMANCE—EQUITY.

Specific performance is not a remedy to which a party is absolutely entitled: if the contract is equitable, certain and capable of specific performance, the discretion of the court may be exercised in complainant's favor.

2. SAME—FRAUD—CONCEALMENT.

A contract not fair or obtained by unscrupulous prac-

tices by overreaching or concealment of important facts will not be enforced specifically.

3. SAME.

On demurrer to complainant's bill, based on the ground that complainant did not disclose to defendants the purpose for which he intended land included in his contract of purchase, and that such purpose was a right of way of an interurban railway which would operate as a detriment to neighboring property of which defendants were owners, complainant's bill sufficiently stated a case, although it should be made to appear, in order to sustain complainant's right to specific performance under a contract containing a condition that the land should not be used for any purpose that would interfere with or be detrimental to such other property of the vendors, that the intended purpose was not concealed or would not have the detrimental effect claimed by defendants.

4. SAME—ADEQUATE REMEDY AT LAW.

Nor is it a sufficient reply to the defense interposed that defendants may enjoin a breach of the contract if complainant should so use the land as to decrease the value of the adjacent property owned by them, or that the defendants may bring an action for the breach of the agreement: equity will not remit the parties to their action at law or compel them to raise the question in another suit.

Appeal from Kalamazoo; Knappen, J. Submitted April 15, 1913. (Docket No. 63.) Decided May 28, 1913.

Bill by Walter W. Gibb against Fred A. Mintline and others for specific performance. From an order overruling a demurrer to complainant's bill, defendants appeal. Affirmed.

*George W. Mechem* and *Bernard J. Onen (Jackson & Fitzgerald,* of counsel), for complainant.

*Samuel W. Oxenford (Fred A. Mills,* of counsel), for defendants.

Complainant files his bill of complaint against de-

fendants to compel specific performance of the following contract:

"January 11, 1912.

"Received from Walter W. Gibb fifty ($50.00) dollars to bind bargain for sale of the lands herein described by us to him, the full purchase price being eight thousand ($8,000.00) dollars. The balance of said purchase price to be paid on or before ten days from the date hereof. The undersigned reserve the barn building said lands on the south part thereof. The lands being described as commencing at the northeast corner of lot six (6), block twenty-two (22), running thence west 179 feet and 9 inches; thence south on a line parallel with west line of Harrison street 148 feet 5 inches more or less to north line of alley; thence east to within 12 feet of the west line of the Terrace building; thence north to a point 12 feet north and 12 feet west of said terrace; thence east to west line of Harrison street; thence north on west line of Harrison street to place of beginning, meaning to reserve the terrace property and 12 feet of land on the west and north side thereof. Said second parties, the undersigned, to give possession of said lands except the store property, as soon as deed is delivered, with abstract of title showing good and merchantable title. Said undersigned to have possession of the store property until June 1st, 1912. Said Walter W. Gibb hereby agrees not to build any building, or use said lands for any purpose that will in any way interfere with or be detrimental to the Terrace property or the Homestead property on the west, or that will in any way lessen the value of said adjoining lands or property, and that this provision may be incorporated in the deed for said lands.

"FRED A. MINTLINE.
"EDWARD B. MINTLINE.
"WALTER W. GIBB."

Section 7 of the bill of complaint is as follows:

"(7) That your orator entered into said contract to purchase the aforesaid lands and premises as a part of a private right of way for an interurban railway; that other land had been purchased to be used as a private right of way in connection with the lands and

premises described in said contract, and the land described in said contract lies between such other lands and forms a part of a continuous private right of way for a proposed interurban railway; that the lands so purchased will be of no value whatever to your orator for the purpose for which same was purchased unless the defendants are compelled by the decree of this court to specifically perform the aforesaid contract."

To the bill of complaint defendant Fred A. Mintline interposed the following demurrer:

"(1) That the amended bill of complaint is without equity.

"(2) That the purchase price stated in Exhibit A, attached to the amended bill of complaint, was not paid as provided in said Exhibit A, or its nonpayment excused.

"(3) That the purchase price stated in said Exhibit A was not paid within a reasonable time after the time stated in said Exhibit A.

"(4) That said Exhibit A is too uncertain and indefinite to entitle the complainant to a specific performance of the same.

"(5) That said Exhibit A is too uncertain and indefinite as to the purposes for which said land should be used to entitle the complainant to a specific performance of the same.

"(6) That said Exhibit A is so uncertain and indefinite as to the purposes for which said land should be used as to show that the minds of the parties did not meet in a contract which can be specifically performed in this court.

"(7) That said Exhibit A is so uncertain and indefinite as to the purposes for which said land should be used that the defendant, when he learned that the same was to be used for the purpose stated in the amended bill of complaint, was fully justified in refusing to execute the same.

"(8) That, under the allegations of said amended bill of complaint, the procuring of said Exhibit A by the complainant for the purposes stated in the amended bill of complaint was inequitable and unconscionable.

"(9) That the attempt to acquire the defendant's

land under and by virtue of said Exhibit A, for the purposes stated in the amended bill of complaint, is inequitable and unconscionable.

"(10)  That the specific performance of said Exhibit A cannot be made mutual by the decree of this court.

"(11)  That the complainant has an adequate remedy at law."

The demurrer having been overruled, defendant Fred A. Mintline appeals.

BROOKE, J. *(after stating the facts).* The right to the equitable remedy of specific performance is not absolute, even in that class of contracts in which the remedy is invoked. The exercise of the power by the courts is said to be discretionary in the sense that the discretion exercised is judicial and governed by equitable principles and rules. To entitle one party to specific performance of a contract against the other party thereto:

"The contract must be certain, unambiguous, mutual, and upon a valuable consideration; it must be perfectly fair in all its parts; free from any misrepresentation or misapprehension, fraud or mistake, imposition or surprise; not an unconscionable or hard bargain; and its performance not oppressive upon the defendant; finally, it must be capable of specific execution through a decree of the court." Pomeroy on Specific Performance of Contracts (2d Ed.), p. 57.

Courts will always refuse relief where the contract is not fair or where it is obtained by sharp or unscrupulous practices by overreaching or by concealment of important facts. *Rust* v. *Conrad,* 47 Mich. 449 (11 N. W. 265, 41 Am. Rep. 720), and cases cited; *Rathbone* v. *Groh,* 137 Mich. 373 (100 N. W. 588); Pomeroy on Specific Performance of Contracts (2d Ed.), p. 244, and cases cited in note; Waterman on Specific Performance of Contracts, § 158; Fry's Specific Performance of Contracts (4th Ed.), p. 307; 36 Cyc. p. 603.

It is perhaps inferable from the contract, read in the light of section 7 of the bill of complaint, that complainant did not disclose to defendants the purpose to which he intended to devote the land. It is not clear, however, that such is the fact, and we are of opinion that final disposition of the rights of the parties should not be made without a fuller knowledge of the facts than is afforded by the pleadings before us. It is possible, too (even conceding that the proposed use was concealed from defendants), that complainant can produce convincing evidence upon the trial that such use will neither "interfere with," be "detrimental to," nor "in any way lessen the value of," defendants' adjoining lands, though of this we have grave doubt.

Specific performance should not be decreed unless it is made to appear that defendants were duly apprised of the purpose to which the lands described were to be devoted, or that such use would not constitute a breach of complainant's covenant. To compel defendants to execute the conveyance, leaving open the question of their right to equitable relief by way of injunction, or relief at law in an action for breach of the covenant, would simply be to open the door for further litigation. The other grounds of demurrer are, in our opinion, not well taken.

The decree overruling the demurrer is affirmed, with costs, and defendants may answer within 15 days.

STEERE, C. J., and MOORE, McALVAY, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.