WAYNE WOODS LAND CO. *v.* BEEMAN.

1. SPECIFIC PERFORMANCE—OPTIONS—FRAUD.
   In proceedings by the vendee's assignee for the specific enforcement of an option on land, testimony *held*, insufficient to justify setting aside the contract on the ground of fraud in obtaining defendants' signatures thereto.

2. SAME—CONTRACTS—CONSIDERATION—SUFFICIENCY.
   Evidence that the consideration of one dollar, recited therein, was either paid to defendants or left on the table for them, *held*, sufficient to satisfy the question of consideration.

3. SAME—OPTION SIGNED BY JOINT TENANT VALID.
   That an option on land held by three sisters in joint tenancy with the incident of survivorship was signed by only two of them would not render it void nor necessarily unenforceable as against the signers to the extent of their interest.

4. SAME—OVERREACHING—FRAUD.
   Where plaintiff's assignor, a keen, shrewd business man and lawyer, took an option on land to convey by warranty deed, signed by only two of three sisters owning the land by joint tenancy, without explaining to them the real situation and that they would be unable to fulfill their contract without their sister's signature, who, to his knowledge, refused to sign, he was guilty of such overreaching in the procurement of said option, although it did not amount to actual fraud, that a court of equity will refuse to specifically enforce the same.

5. SAME—JOINT TENANCY—OPTIONS—ENFORCEABILITY.
   Where the sister who refused to sign has since died and defendants have succeeded to her interest, the court will refuse to compel them to convey the entire estate, which plaintiff is asking, since this is more than its option called for and more than it would have been entitled to had she survived.

Appeal from Wayne; Brown (William B.), J., pre-

siding.   Submitted June 16, 1920.   (Docket No. 18.)
Decided July 20, 1920.

Bill by the Wayne Woods Land Company against
Sarah Beeman and others for the specific perform-
ance of a land contract.   From a decree dismissing
the bill, plaintiff appeals.   Affirmed.

· *J. O. Murfin,* for plaintiff.

*Barbour, Field & Martin,* for defendants.

BIRD, J.   Defendants are three elderly ladies who,
in September, 1916, resided on a farm of 75 acres one
mile from the village of Wayne.   On September 26,
1916, Mr. Carlton A. Beardsley, a lawyer and real
estate dealer, who resided in Detroit, called upon them
at their home and inquired of Sarah and Caroline if
they desired to sell their farm.   They indicated they
might be induced to do so.   Considerable talk ensued
about the price, after which Mr. Beardsley drew up
an option, giving to himself the right to purchase the
premises at any time within three months from that
date for a consideration of $11,500, and reciting the
terms of payment.   Upon acceptance and compliance
with said option it provided for a warranty deed of
and a merchantable title to the premises.   After read-
ing the option over to them some assurances were
made to them as to its binding effect.   The under-
standing which they got therefrom was that it did
not bind either party.   But the option was signed by
Caroline and Sarah and was taken into an adjoining
room, in which Jane lay ill, for her signature.   Sarah
returned after a time and announced that Jane re-
fused to sign it.   Mr. Beardsley then went away tak-
ing the option with him.   On December 18th he ac-
cepted the option and made a tender of the payments
in compliance therewith, but neither Sarah nor Caro-

line would accept it.   They announced to him, he says, that they had concluded they would not sell.   Subsequently Mr. Beardsley assigned the contract to plaintiff and this bill was filed to enforce the contract specifically.

The defenses were:

(1)  That their signatures were procured by fraud.
(2)  That there was no consideration for the option.
(3)  That the option does not affect the right of survivorship and is unenforceable and void.

At the conclusion of the hearing the chancellor announced that, in his opinion, the contract was invalid and for that reason refused to enforce it.

1.  We are not impressed by a perusal of the record that the testimony establishes such a case of fraud, with respect to obtaining their signatures, as would justify setting aside the contract.   It fairly appears that Sarah and Caroline were desirous of selling their interest in the premises, and the only question between them was one of price, and this appears to have been satisfactory to them at the time.   In view of this the claimed statements of Mr. Beardsley with reference to the extent to which the option would bind them is not very important.

2.  The consideration for the option was recited therein as one dollar.   It appears that this was paid to them, or, at least, left on their table for them.   We think this satisfied the question of consideration.   See *Wilcox* v. *Cline,* 70 Mich. 517; *Mier* v. *Hadden,* 148 Mich. 488 (12 Ann. Cas. 88).

3.  The option, when accepted, was not void and was not necessarily unenforceable as against Sarah and Caroline by reason of the fact that the lands were held by the three sisters in joint tenancy with the incident of survivorship.

"It is well settled, however, that a joint tenant may

alienate or convey to a stranger his part or interest in the joint property, in which the grantee becomes a tenant in common with the other co-tenants, but they as to each other remain joint tenants." 23 Cyc. p. 495.

We do not think this objection furnishes any legal reason for refusing specific enforcement.

We are of the opinion, however, that enforcement of the contract should be denied upon another phase of the case. The title was held by the three sisters in joint tenancy. Mr. Beardsley had notice of the status of the title, as he was informed by one of the defendants when he secured the option. He was advised that Jane, one of the joint tenants, would not sign the option, and she did not sign it. Notwithstanding this information, he took an option from Caroline and Sarah, obligating them to furnish, upon compliance with its terms, a warranty deed of the premises, or of their interest therein, and such a title as was merchantable. Being a lawyer he doubtless knew that Sarah and Caroline could not convey by warranty deed without making themselves liable on the covenant, that their interests were free from incumbrances. He knew that they could not deliver to him a merchantable title while Jane lived, because their warranty deeds would be subject to Jane's rights of survivorship.

Mr. Beardsley was a keen, shrewd business man and lawyer, who had dealt much in real estate. Defendants were old ladies. They had always lived there upon the farm and they were all nearly 70 years of age. They had had very little business experience. Knowing this Mr. Beardsley should have been frank and advised them of the situation they would be placed in if the option were accepted, or he should have substituted the word "quitclaim" in place of "warranty" in the option. His failure to do so probably did not

amount to an actual fraud because he stood in no
fiduciary relation to them, but his failure to so advise
them, under the circumstances, shows a disposition
on his part to overreach in the transaction and take
advantage of the fact that they did not know nor ap-
preciate the situation they were being placed in if the
deal were consummated. This failure upon his part
does not entitle him to favorable consideration in a
court of equity.

The attitude of the courts in such cases has been
stated as follows:

"Where a contract has been procured by overreach-
ing on the plaintiff's part, or if it had been artfully
contrived as a snare to bind the defendant in a man-
ner which he did not comprehend at the time he be-
came a party to it, the agreement will not be enforced
by a court of equity. Thus, if one party to a contract
is ignorant and illiterate, and has been overreached
and improperly persuaded to execute it, specific per-
formance of the agreement will not, as a rule, be de-
creed against him." 25 R. C. L. p. 240.

See, also, *Gibb* v. *Mintline*, 175 Mich. 626; *Van
Norsdall* v. *Smith*, 141 Mich. 355; *Van Deusen* v.
*Brown*, 167 Mich. 49; *Banaghan* v. *Malaney*, 200 Mass.
46 (85 N. E. 839, 19 L. R. A. [N. S.] 871).

It is held in *Cuff* v. *Dorland*, 50 Barb. (N. Y.) 438,
that a court of equity will not decree specific perform-
ance of a contract in favor of a party merely because
he is not guilty of sufficient fraud or deceit to con-
stitute a legal defense to the contract.

Another reason occurs to us why the prayer of the
bill should be denied. When Mr. Beardsley accepted
the option without the signature of Jane he did not
contemplate that he was getting anything more than
a two-thirds interest in the premises. Now, because
Jane is deceased since the filing of the bill, and Sarah
and Caroline have succeeded to her interest, we are
asked to compel them to convey the entire estate. This

is something which they never agreed to do, something which Beardsley could not have secured if Jane had lived, and something which Mr. Beardsley did not understand at the time he had acquired.

For the reasons indicated the relief sought will be denied. The decree is affirmed, with costs to the defendants.

STEERE, BROOKE, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred. MOORE, C. J., did not sit.