## No. 11,214.

### WANAMAKER DITCH CO. *v.* RENO.

Decided March 8, 1926.

Action to quiet title to water right and for injunction. Decree for plaintiff.

### *Affirmed.*

1. EQUITY—*Water Rights—Quieting Title.* In an action for injunction and to quiet title to a water right, the action being equitable in its nature and equitable relief being demanded other than a decree to quiet title, the court having obtained jurisdiction upon the other equitable grounds properly retained it to administer to plaintiff all the equitable relief to which he was entitled.

2. WATER RIGHTS—*Quieting Title—Possession.* If a party is the owner of a water right and entitled to the use of the water, he may maintain a suit in the nature of an action to quiet title against one who interferes with or questions his right, notwithstanding actual physical possession of the matter in dispute is impossible.

3. *Quieting Title—Possession.* The right to have water diverted and carried from a natural stream, coupled with the right to apply it to land, is equivalent to possession as an element that must appear in a suit in the nature of an action to quiet title.

4. APPEAL AND ERROR—*Findings.* Findings of the trial court in an equity case which are supported by ample legal evidence will not be disturbed on review.

5. CONTRACTS—*Water Right—Patent Ambiguity—Parol Evidence.* The rule that parol evidence is inadmissible to correct a patent ambiguity in a contract for the sale of real estate void upon its face for in-

sufficient description, has no application to a contract for the sale of a water right which has been fully executed by the parties.

6.      *Real Estate—Ambiguity—Conduct and Possession.* Under a contract for the sale of real estate, conduct of the parties and possession may render certain what otherwise would be an uncertain description.

7.      WATER RIGHTS—*Land Foreclosure.* Under the facts disclosed in the instant case, it is held that the trial court was justified in finding that a water right was not vested in the purchaser of land at a foreclosure sale.

*Error to the District Court of Jefferson County, Hon. S. W. Johnson, Judge.*

Messrs. EWING & ARNOLD, Mr. FRED W. MATTSON, for plaintiff in error.

Mr. GUY D. DUNCAN, for defendant in error.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

IN this equitable action of plaintiff Reno against the defendant Wanamaker Ditch Company, a corporation, a decree was rendered adjudging the plaintiff Reno to be the owner of the 25 inches of water for irrigating purposes in dispute, and that it was the duty of the defendant carrier to deliver the same to him out of its ditch upon payment of the compensation fixed therefor by the county commissioners of Jefferson county; that the defendant should not interfere with the plaintiff in his use and enjoyment of the water and must continue to deliver to the plaintiff this water on payment of the carrying charges. The defendant is here with its writ of error.

The several motions and the grounds of demurrer, save the questioning the sufficiency of the complaint,

were waived by the defendant in answering over without objection after adverse rulings were made against it by the court. The general ground of demurrer to the complaint may be considered in connection with the alleged insufficiency of the evidence.

1. The first point relied upon for reversal is that as the water right in question is real estate, the action failed because it is one to quiet title, and under the applicable provision of our Code of Procedure the plaintiff to maintain the suit must be, as he was not, in actual physical possession of the property at the time the complaint was filed. The complaint, it is said, on its face shows that the defendant rather than the plaintiff had possession. It is true that one object of the action is to have the plaintiff declared to be the owner. One of the purposes of the complaint is to prevent interference by defendant with the plaintiff in the enjoyment of his right to use this easement, and another object is to obtain a mandatory writ or order requiring the defendant to carry and deliver to the plaintiff the water to which he is entitled. These objects, if not the principal ones, are certainly of equal importance with that of ownership on the question of pleading. Even if, as defendant says, there may be inconsistent allegations in the complaint, the action being equitable in its nature and equitable relief being demanded other than a decree to quiet title, the district court having obtained jurisdiction upon the other equitable grounds properly retained jurisdiction to administer to the plaintiff all the equitable relief to which he was entitled.

This court has determined in a number of cases that an action may be maintained in this state to quiet title to a water right; that a water right is real property and in the nature of an easement or incorporeal hereditament. *Gutheil P. I. Co. v. Montclair,* 32 Colo. 420, 76 Pac. 1050; *Bessemer I. D. Co. v. Woolley,* 32 Colo. 437, 76 Pac. 1053; *Lambert v. Murray,* 52 Colo. 156, 120 Pac. 415.

In the first two of these cases this court did not find it necessary definitely to decide that where the sole object of an action is to quiet title in a water right the same would be entertained where the plaintiff is not in actual possession, because in those actions the court had acquired jurisdiction upon other equitable grounds and might therefore decide all questions in the case and grant appropriate relief including a decree quieting the plaintiff's title without proof of plaintiff's actual possession. In the Lambert case the court said: "Excepting with reference to vacant and unoccupied land, and possibly such real property as a water right, the possession contemplated by section 274 (of the code) is actual possession." This indicates, at least it is a suggestion, that in the case of a water right, which is an incorporeal hereditament or easement, a suit to quiet title may be maintained notwithstanding it is impossible for one to be in actual or physicial possession of an incorporeal or intangible right or thing. There would seem to be as much reason for entertaining a suit to quiet title to a water right where it is impossible for plaintiff to have actual possession, as to permit the owner of vacant or unoccupied land to quiet his title when he does not have possession. If a plaintiff is the owner of a water right and entitled to the use of the water, as against one who interferes with or questions that right the plaintiff we think may maintain a suit in the nature of a suit to quiet title notwithstanding actual physical possession of the matter in dispute is impossible. Right to have water diverted and carried from a natural stream, coupled with the right to apply such water to the owner's land, though it does not constitute possession of the right in the same sense that the word is used when applied to occupancy of lands and homes, is equivalent thereto as an element that must appear in a suit in the nature of a suit to quiet title. *Hitchens v. Milner Co.,* 65 Colo. 597, 602, 178 Pac. 575. An additional reason for holding this action main-

tainable is furnished in the foregoing cases. Plaintiff is right therefore in his contention that the court properly adjudged him to be the owner of the property, not only because the equivalent of possession was present in the complaint, but because jurisdiction of the case was also acquired, as above stated, to prevent interference by the defendant with plaintiff's enjoyment of his right, and to compel the defendant to comply with its statutory duty as a common carrier to deliver this water, if the right to use the same belonged to him as the court found that it did.

2. The court made specific findings upon all of the issues in the case in favor of the plaintiff, both as to issues of law and of fact. These findings are incorporated in the supplemental abstract and we cannot disturb them because they are supported by ample, legal evidence, though defendant's counsel say that there is no evidence in the record sufficient to sustain the finding that plaintiff is the owner of the water right in question. It will elucidate the real contention of the parties by a summary of the findings of fact upon that issue. To the Wanamaker Ditch, now owned by the defendant company, were awarded by the district court of Arapahoe county in 1884, under our adjudication statute, two different priorities: the first dating back to 1860, and the second to 1868, aggregating 21 cubic feet of water per second of time. J. E. Wanamaker was then the owner both of the carrying ditch and of the appropriations. In 1884 he sold an undivided one-half interest, both in the ditch and water rights, to one Standley, and at various times before the defendant ditch company was incorporated, Wanamaker sold water rights to various persons who owned land under the ditch. In 1886 the plaintiff Reno—whether by purchase or by rental is not clear but probably as the result of a rental arrangement with Wanamaker the owner—used water from this ditch to irrigate his lands upon the payment of rent therefor. In 1889

Reno met Wanamaker in the City of Denver and Wanamaker agreed to sell and Reno agreed to buy 25 inches of water out of this ditch whereupon Wanamaker then made and delivered to Reno a written instrument reading: "July 2, 1889. Sold to E. E. Reno, 25 inches of water, received $89.00 on same. J. E. Wanamaker." At that time Reno owned land under the ditch. After the sale he constructed a lateral therefrom to his land and irrigated the same with water for a number of years. Receipts were given by Wanamaker to the plaintiff for a number of years for the charge of carriage. In 1893 the property passed from Reno by a foreclosure of his trust deed upon the same but he continued to farm the land as a lessee for a number of years thereafter and paid the carrying charge not as rental but as the owner of the water right. 1913 was the last year that he used water on this particular land. The purchaser at the foreclosure sale never asserted, and does not now claim, any interest in this particular water right. Plaintiff continued to pay a carriage charge for this water for several years and until Wanamaker's death. After Wanamaker's death the ditch was transferred to other persons and eventually to the defendant corporation. In June, 1913, the plaintiff paid to the defendant, through its president Mr. Williams, grantee of Standley, arrears for carriage charges for this water for the years up to and including 1913, and received a receipt therefor which was introduced in evidence. After the defendant corporation had acquired ownership of the ditch and water rights therein, it accepted payment from the plaintiff Reno as carriage charge for his 25 inches of water. About the time the last payment that the company received, some of the members of the corporation questioned the plaintiff's title to this water that he bought of Wanamaker and the secretary of the company was instructed by the corporation thereafter not to recognize plaintiff's rights and to refuse any further payments from him. Before this suit was brought plaintiff made

a demand for water and offered to pay all arrears for annual charges, but defendant refused to accept the money upon the ground that plaintiff had no right to any water from the ditch. The trial court, assuming that the defendant company is rightly in possession and control of the ditch, found that the defendant is the only one that claims any right adverse to the plaintiff, that both plaintiff and defendant claim title from a common grantor, that plaintiff did not lose his right to this water as an appurtenant to his land under the foreclosure sale, that the purchaser at the foreclosure sale has never claimed or asserted any right thereto and that the same was not appurtenant to the land the purchaser acquired. The district court, assuming that the statute of frauds had been interposed as a defense, held that it had no application whatever to the case in hand because the plaintiff's rights to this water do not depend upon an executory agreement for the sale of real estate; but that if the instrument above quoted which Wanamaker gave to the plaintiff, was and would be, if this were an action for specific performance, or to recover possession, considered as void, nevertheless the sale was a completed sale, full consideration for the transfer of the property was given, plaintiff entered upon and took such possession as a water right is susceptible of and has received and enjoyed the use thereof for a period of more than twenty years and his right to the water was repeatedly recognized by Wanamaker his grantor, and by the defendant company, the remote grantee of Wanamaker. Such, in substance, are the findings of the trial court. The rule invoked by the defendant that the instrument in writing is void upon its face for lack of sufficient description and that the ambiguity is patent and parol proof to make the description certain is inadmissible, has no application whatever to this case. The rule contended for was first formulated by Lord Bacon but it has been, even in suits for specific performance, much modified by

many decisions. In *Hardware Co. v. Donovan,* 74 Colo. 350, 221 Pac. 881, this court, in an opinion by Mr. Justice Denison, held that modern modifications of Lord Bacon's rule say that only where such uncertainty remains after proof of all the circumstances of the parties when the contract was made, will the ambiguity be recognized as patent and the contract held void. But in this case we do not have to invoke the modern rule referred to because the rule as announced by Lord Bacon applied only to executory contracts for the sale of real estate and not to such cases as we have before us where the grantee in the contract has paid full consideration and has entered into possession of the property and enjoyed its use with the full knowledge and approval of the grantor and where the grantee's rights have been, as here, for a long series of years recognized by the grantor.

3. The exigencies of the present case do not require us to determine whether or not a water right, since the passage of the act of 1893, S. L. 1893, p. 298, may be transferred by parol. Whatever ambiguity, patent or latent, that might be in the written instrument whereby Wanamaker sold to Reno 25 inches of water, has been made certain and definite by the conduct and acts of the parties themselves. Possession may render certain what otherwise would be an uncertain description. 2 Devlin on Deeds, sec. 1011, p. 1913.

In the well considered case of *Allen v. Kitchen,* 16 Idaho, 133, 100 Pac. 1052, L. R. A. 1917A, p. 563, 18 Ann. Cas. 914, the general doctrine relied upon by defendant was applied. That, however, was a case of an executory contract of sale and the action was for the reformation of an ambiguous deed and specific performance of an executory contract for the sale of real estate. A number of cases are commented upon there and although the contract sued upon in that case was held void, and the court said it could not be specifically enforced, that was so because the contract was executory and had not been, as is the case here, fully performed by both parties. The

cases cited in the opinion would clearly make the decision there inapplicable to this case.

4.   Plaintiff in error further contends that Wanamaker could not make a valid conveyance to Reno that would bind his co-owner or the defendant, ditch company, the remote grantee.  The principle invoked is that one tenant in common or joint-owner by his sole act cannot create an easement in the common premises, citing *Crippen, et al. v. Morss,* 49 N. Y. 63, and other cases.  The cases cited are not authority for the contention made here.  While one tenant in common may not by his sole act convey the common property, he may convey his own interest in the common property, in which case the grantee becomes a tenant in common with the other co-tenants.  33 C. J. 914, sec. 25.  Such act does not impose any additional burden upon the common property.  23 Cyc. 494, D; *Jones v. Snyder,* 218 Mich. 446, 188 N. W. 505; *Wayne Woods Land Co. v. Beeman,* 211 Mich. 360, 178 N. W. 696; *Yank v. Bordeaux,* 23 Mont. 205, 58 Pac. 42, 75 Am. St. Rep. 522.

5.   The court was also justified in its finding that the water right was not vested in the purchaser at the foreclosure sale.

After a careful consideration of the exhaustive briefs filed in this case, coupled with an examination of the record and the findings of fact by the trial court, we are satisfied that substantial justice has been done and that the decree of the district court was right.  It is, therefore, affirmed.