## No. 11,430.

### SHERMAN v. RANDLE.

Decided March 22, 1926.  Rehearing denied April 26, 1926.

Action for damages for breach of contract.  Judgment for plaintiff.

### *Affirmed.*

### *On Application for Supersedeas.*

1. APPEAL AND ERROR—*No Assignment.*  Alleged error will not be considered on review where there is no assignment covering the question raised.

2. FRAUD—*Statute—Land.*  The statute of frauds concerning interest in lands has no application to executed contracts.

3. VERDICT—*Indefinite—Interest.*  A verdict for plaintiff assessing his damage at $2,400 "with interest at 8% to date," held, under the facts disclosed, not so indefinite as to warrant a reversal of the judgment based thereon.

4. *Interest.*  Where a verdict clearly indicates that the jury intended plaintiff should have interest on the amount awarded as damages, it is proper for the court to compute the amount and include it in the judgment.

*Error to the District Court of Prowers County, Hon. A. F. Hollenbeck, Judge.*

Mr. GRANBY HILLYER, Mr. G. R. HILLYER, for plaintiff in error.

Messrs. TODD & UNDERWOOD, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiff Randle as assignee brought this action to recover damages for the breach by the defendant Sherman of a contract whereby he agreed to convey to plaintiff's assignor Sampson and his assigns a quarter section of nonirrigated land in Prowers county, Colorado. The action arose out of the following facts: In 1918 the defendant Sherman and Sampson entered into a contract for an exchange of lands, Sherman thereby agreeing to convey to Sampson about 1,920 acres of land owned by him in Prowers county for a deed of conveyance of lands owned by Sampson in the State of Missouri. When the time for exchange of deeds arrived it was ascertained that Sherman did not have title to one quarter section of the land which he agreed to convey, the same being included in a homestead entry held by another person on which final proof had not been made and title to it then was, and still is, in the United States. Defendant Sherman, however, executed and delivered his deed to Sampson for the other Colorado lands included in the exchange contract and received a deed from Sampson of the Missouri lands. At the same time and as a part of the same transaction the parties entered into another contract, which forms the basis of the pending action, whereby Sherman agreed, in consideration of the conveyance which he had received of the Missouri lands, that he would convey the quarter section of homestead land above mentioned to Sampson and to his assigns on or before March 1, 1920, but, in the event that he should not be able to convey these lands for lack of title, Sherman agreed to convey or cause to be conveyed a quarter section of land, of the same quality and of equal value, in Prowers county and near or adjacent to the 1,920 acre tract. Thereafter and in the autumn of 1919, the plaintiff Randle purchased from Sampson the Colorado lands, except an 80 acre tract, and the deed thereto included this homestead quarter section. Sherman, however, had not title thereto, and never thereafter acquired it, and had not

conveyed the same or any other land in lieu thereof to
Sampson in completing the deal between them, hence
the memorandum or alternative agreement was assigned
by Sampson to plaintiff Randle, or an attempt was made
to do so through his agent W. A. Connelly. Defendant
Sherman later having failed to comply with either alter-
native of his contracts; that is, being neither able to
convey the homestead entry nor having made convey-
ance of a quarter section of equal value, the plaintiff
Randle, as assignee of Sampson's rights, brought this
action to recover damages for the breach. The defend-
ant by an amended answer set up an alleged supple-
mental agreement between him and Sampson, the nature
of which it is not necessary to state because, upon the
evidence produced, the finding was against the defendant
Sherman upon the issue which he attempted thereby to
raise, and as he has assigned no error thereto it is not
a matter for present consideration.

The trial was to a jury whose verdict reads: "We,
the jury, being first duly sworn and empaneled in the
above entitled case, do, upon our oaths, find the issues
herein joined for the plaintiff, and assess his damages
at $2,400.00 with interest at 8% to date." The court
entered judgment for $2,400 and interest thereon at
the rate of 8 per cent per annum from March 1, 1920,
to the date of verdict. The defendant is here with his
writ of error to review the judgment and relies upon
two errors only: (1) The record shows that the right
of plaintiff to recover depends upon his rights as as-
signee of the contract from Sampson, and no such right
ever accrued to him because the assignment, being an
interest in lands, could be made only by an assignment
by Sampson himself in writing, which was not made, or
by an agent theretofore by a writing duly constituted
as such, and there was no such writing. In this assign-
ment, while it purports to be an assignment by Samp-
son by his agent Connelly, nowhere does it appear
therein or in the record that Sampson by a writing had

previously constituted Connelly his agent to make it. (2) That the verdict, which was for the lump sum of $2,400 with interest at 8 per cent to date, is too indefinite and uncertain in amount to form the basis of a valid judgment. These in their order.

1. The first objection is based on section 5105, C. L. 1921, p. 1397, our statute of frauds, which provides: "No estate or interest in lands, * * * shall hereafter be created, * * * or declared, unless by act or operation of law, or by deed or conveyance in writing, subscribed by the party creating, * * * or declaring the same, or by his lawful agent, thereunto authorized by writing." Assuming, but not deciding, that this is an assignment of an interest in lands, we think under the facts of this case the statute is not applicable. If this was an action to enforce, by specific performance or otherwise, or an action to recover damages for the breach of an executory contract for the sale of an interest in lands, the point made by the plaintiff in error might be well taken. It is not good here. *Wanamaker Ditch Company v. Reno,* 79 Colo. 153, 244 Pac. 602. The contract was fully executed and performed by the assignee Randle who succeeded to the rights of Sampson and it was so recognized by the three parties. Sampson testified as a witness in the case and says that he has no further interest in the contract; that he recognized Connelly as his agent and authorized him to make the assignment. If it be said that this agency could be established only by some writing, the answer is, that the only one who could raise the objection is Sampson or his assignee or privy. Sherman was not a party or a privy to this contract of assignment. He is making an objection which may be made only by Sampson, the assignor, or some privy in estate or privy in contract with him. We do not think there is any merit in the objection. There is no room for the application of the statute of frauds. The entire argument of plaintiff in error on

this point is based upon a misapprehension or misapplication of the law to the facts of the case, it being assumed, contrary to the fact, that the contract of assignment is executory, or has not been performed, and the defendant, not a party or privy thereto, may be heard with his objection.

2. When the verdict was returned no objection was made to it by the defendant on the ground of indefiniteness or uncertainty, and no request was made that the verdict be returned to the jury for an amendment to make it more certain or specific. The allegation of the complaint is, and it is not denied in the answer or overcome by proof, that by the contract the defendant was required to make this conveyance not later than March 1, 1920. The instructions of the court expressly told the jury that if the finding was for the plaintiff in any amount interest thereon should be allowed from March 1, 1920, at the rate of 8 per cent per annum. The defendant by his attorney, while the jury were in the box and before the instruction number 6 with reference to interest was given, objected to the same on four different grounds, but at no time did he suggest that the instruction was indefinite or uncertain as to the time from which interest began to run. Considering the whole record, the pleadings, the instructions, and the verdict, and the defendant's objection, we think no advantage of the alleged uncertainty can be taken upon this review. We held in *Knight v. Fisher*, 15 Colo. 176, 180, 25 Pac. 78, where the question of the uncertainty of a verdict was raised, that the court may consider the entire record, the pleadings as well as the verdict. In *Mitchell v. Crowl*, 57 Colo. 405, 140 Pac. 793, we said, as stated in the syllabus: "Where, taken in connection with the record, the verdict clearly conveys the intention of the jury, it is sufficient." In *Wood v. Hazelet*, 77 Colo. 442, 237 Pac. 151, the verdict was for a sum certain. It was not claimed there that the verdict for a lump sum included interest.

The court regarded interest as a matter of law and made the computation and added it to the verdict, saying that where it is entirely clear that the jury allowed no interest in a specific sum, or where the court reserved the question of allowance until after verdict and it is ascertainable from the verdict or from uncontroverted facts, the court itself may make the computation and add interest to the verdict. The verdict before us clearly indicates that the jury intended that the plaintiff should have interest on the amount of the recovery up to the date when the verdict was returned. The record shows from the instructions of the court that if the plaintiff recovered anything at all he was entitled to interest from March 1, 1920. There can be no question, therefore, that the jury had this date in mind as the time when the interest should begin to run. There is no merit in this objection. It is entirely clear that the plaintiff was entitled to interest and the court properly, as it did, computed the amount from March 1, 1920, to the date of the verdict and added it to the amount of the recovery. No prejudicial error appearing, the application for supersedeas is denied and the judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.