## MATTESON vs. MATTESON.

*September 19 — October 10, 1882.*

PLEADING: MERGER of note in bond. *(1) Ownership of merged note need not be alleged in action on bond; but (2) the note must be produced for cancellation before judgment.*

1. In an action to foreclose a mortgage given to secure the performance of the conditions of a bond, one of which conditions was that the obligor should pay the sum for which a note had previously been given to the plaintiff, it is not necessary to allege in the complaint that the plaintiff is still the holder of the note.

2. The note, in such case, in the hands of the plaintiff, became merged in the bond, and the defendant can only claim protection against it in case it should get into the hands of a *bona fide* holder for value before due. This protection will be given by requiring the plaintiff to produce the note for cancellation before judgment goes on the bond.

APPEAL from the Circuit Court for *Winnebago* County.

Action to foreclose a mortgage on real estate given to secure performance of the condition of a certain bond, a copy of which is annexed to the complaint and made a part of it. The bond and mortgage are dated June 29, 1880. The condition of such bond is as follows: "Whereas, *Eliza Matteson* is jointly bound with *B. C. Matteson* for the payment of $500 to Hiram Smith, and about the sum of $300 to George E. Sutherland, and the said *Eliza Matteson* is liable at law for the whole of said sums, with interest, and the said *Eliza Matteson* also holds the promissory note of said *B. C. Matteson*, dated March 22, 1879, for the sum of $620, and interest: Now, if the above bounden *B. C. Matteson*, his heirs, executors and administrators, or any of them, shall well and truly pay, or cause to be paid, unto the above named Hiram Smith, George E. Sutherland and *Eliza Matteson*, his and their executors, administrators, or assigns, or to said *Eliza Matteson* for said Hiram Smith, George E. Sutherland, and herself, on or before six months from the

date hereof, the just and full sums, with interest, so as aforesaid due to said Hiram Smith and to said George E. Sutherland and said *Eliza Matteson*, then this obligation is to be void, otherwise to remain in full force." ,

The complaint alleges the execution by the defendant to the plaintiff of the mortgage in suit to secure the payment of the indebtedness mentioned in the bond, conditioned that "if the said *Bela C. Matteson*, mortgagor, his heirs, executors, administrators, or assigns, should well and truly pay, or cause to be paid, to the said mortgagee, her heirs, executors, or assigns, the said sums of money above given and described, according to the tenor of said bond, to secure which said mortgage was given as aforesaid, then the said bond and said mortgage should cease, and be null and void." Breaches of the conditions of the bond and mortgage are assigned, as follows: "The said defendant, *Bela C. Matteson*, has failed to comply with the terms of the said bond, and the conditions of the said mortgage, by failing and neglecting to pay the sum of $620, which became due and payable on the 22d day of March, A. D. 1880, with interest at ten per cent. from June 22, 1879, except the sum of $12, and by failing and neglecting to pay the further sum of $500, which became due and payable on the 3d day of September, A. D. 1879, with interest at ten per cent. from September 3, 1880." The complaint also contains the following averments: "And said plaintiff further alleges that she is now the lawful owner and holder of said bond and mortgage, and that there is now justly due to said plaintiff, upon the said bond and mortgage, the sum of $620, with interest thereon from the 22d day of June, A. D. 1879, at the rate of ten per cent. per annum, except the sum paid of $12, and the further sum of $500, with interest thereon from the 3d day of September, A. D. 1880, at the rate of ten per cent. per annum." It is admitted that the defendant has paid Mr. Sutherland's demand.

The defendant appealed from an order overruling a general demurrer to the complaint.

The cause was submitted for the appellant on the brief of *Geo. P. Knowles.*

*Geo. E. Sutherland,* for the respondent.

LYON, J.   The complaint may be inartificially drawn, yet we think it states a cause of action in favor of the plaintiff. The condition of the bond is that within six months the defendant will pay the plaintiff $620 and interest, and also will pay the plaintiff or Hiram Smith $500 and interest. The first condition is not in terms that the defendant will pay the note for $620, held by the plaintiff, but that he will pay the sum for which that note was given.   The plaintiff, therefore, held, for the same debt, the note, and the bond and mortgage.   Under an elementary rule of law, the note, in the hands of the plaintiff, became merged in the bond, and was thereby entirely extinguished.   Hence it was quite unnecessary for the plaintiff to allege that she is still the holder of the note, for in her hands it is mere waste paper. The defendant can only claim protection against it, in case it should get into the hands of a *bona fide* holder for value before due, and the court will give this protection, by requiring the plaintiff to produce the note for cancellation before judgment goes upon the bond.   It follows that, as to the $620 mentioned in the condition of the bond, the averments that the plaintiff is the owner and holder of the bond and mortgage, and that such sum is justly due her thereon, sufficiently show her right of action.

It is unnecessary to consider whether the complaint states a cause of action for the $500 due Hiram Smith, for all that portion of the complaint may be stricken out, and still it would state a cause of action.   It may be said, however, that the plaintiff is jointly bound with the defendant for the payment of that debt, and the defendant has cov-

enanted in his bond to pay the amount to Smith or the plaintiff. He has paid it to neither. We perceive no valid reason why those facts do not entitle the plaintiff to have that sum included in the computation of the amount due on the bond and mortgage.

*By the Court.*— Order affirmed.