JOHN WHITE, Jr.

*v.*

MARY WHITE *et al.*

*Filed at Mt. Vernon January 31, 1883.*

1. POSSESSION—*evidence and presumption of.* On proof of a person's possession of land at a particular time, there may be a presumption of a continuance of such possession thereafter, but not of a prior possession.

2. SAME—*evidence showing.* Possession under an unrecorded deed, when shown some four years after its date, will naturally be referred back to a time at or about the date of the deed, when the proof shows that five years after the date of the deed the grantee had an old log house upon the tract, and was living in it, coupled with the unusual circumstance that the deed was for only one and a quarter acres in the corner of a forty-acre tract, indi-

cating some special reason for such a sale and purchase, such as, that the house had been built by the grantee by mistake as to boundary lines on the adjoining quarter to the grantee's other land, and that such deed was made on discovery of the mistake, to secure to the grantee the site on which the house and orchard stood.

3. SAME—*constructive notice of grantee's equities.* The possession of land by a grantee in a deed, which, by mistake, misdescribed the forty acres out of which the grantor intended to convey, is constructive notice of the occupant's rights to any and all subsequent purchasers claiming under the grantor in such deed. And the removal of the house from such tract is no abandonment of such possession, where the tract remains inclosed, and the owner gathers the fruit yearly from an orchard on the same.

4. LACHES—*when excused.* The uninterrupted enjoyment of the possession of land under a deed which, by mistake, failed to properly describe the premises, for many years, without knowledge of the mistake, and without question of the party's right, will excuse the party from the imputation of *laches* in not bringing suit to correct the mistake until an opposing claim was set up leading to a discovery of the mistake.

WRIT OF ERROR to the Circuit Court of Perry county; the Hon. AMOS WATTS, Judge, presiding.

Mr. CHARLES W. THOMAS, for the plaintiff in error.

Mr. JOHN BOYD, for the defendants in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in chancery, brought on September 15, 1877, by Mary White, the widow, and Eva White, the minor child and only heir, of Samuel White, deceased, against John White, Jr., and others, for the correction of a mistake in a deed from William Lackey to John White, Sr., made on May 1, 1838.

The bill sets out that Samuel White, on May 12, 1876, died intestate, owning a tract of land containing one acre and a quarter, in a triangular shape, in the north-east corner of the south-east quarter of the south-west quarter of section 6, township 4 south, range 4 west, in Perry county, in this State; that he derived title to the land by deed from John

White, Sr., dated February 6, 1868; that the quarter quarter-section was purchased from the United States by one William Lackey, prior to 1838, who sold said one and a quarter acre tract to John White, Sr., on May 1, 1838, and undertook to make him a deed for the same, but, by mistake, the tract was described in the deed as in the north-east quarter of the south-west quarter, instead of the south-east quarter of the south-west quarter. The court below, upon final hearing, on proofs taken, made a decree in accordance with the prayer of the bill, in correction of the mistake, and defendant, John White, Jr., appealed.

At the time of the making of his deed to John White, Sr., on May 1, 1838, William Lackey owned the said south-east quarter of the south-west quarter, and did not own the said north-east quarter of the south-west quarter. There is no question as to the alleged mistake in the deed. It is conceded by defendant's counsel. The only real question in the case is, whether there was notice of the equity of John White, Sr., to John White, Jr., or to any of the grantees from or under Lackey, subsequent to his deed to John White, Sr. On May 8, 1838, but seven days after his deed to John White, Sr., Lackey conveyed to one Farris forty acres of said south-east quarter of the south-west quarter, and on May 6, 1841, Farris conveyed said forty-acre tract to one Lewis Day. His heirs conveyed the same to Sarah Day, whose heirs, on May 5, 1852, conveyed the same to John White, Jr.

This deed in question from Lackey to John White, Sr., was never recorded. There is nothing in the case to affect any of the subsequent purchasers from Lackey, or from the grantees under him, with notice of the equity of John White, Sr., in the land they bought, unless it be the possession of John White, Sr., and his grantee, Samuel White. There is no direct evidence that John White, Sr., was in possession of this one and a quarter acre of land on May 8, 1838, the date of Lackey's deed to Farris, nor on May 6, 1841, the

date of Farris' deed to Day. There is evidence that White was in possession of the land in 1842 and in 1843, and there might be a presumption therefrom of a continuance in possession, and that he was in possession at any subsequent time; but from the mere fact of possession in 1842 or 1843 there could be no presumption of a prior possession in 1841, or on May 8, 1838.

But there may be other facts which, coupled with such possession, would justify the inference of a previous possession, as long back as the date of the deed from Lackey to White, May 8, 1838. The possession being under a deed, the going into possession would naturally be referred back to a time at or about the date of the deed. The evidence of one witness is, that in 1842 John White, Sr., was residing upon this one and a quarter acre tract, and of another, that in 1843 said White had an "old log house" upon this tract, and was living in it. Being an old house then, it must have been built for quite a time before, and, as might be supposed, as far back as in May, 1838. The fact of such an unusual conveyance of such a quantity of land as one and a quarter acres in the corner of a tract, indicates some special reason for such a sale and purchase, such, as was doubtless the case here, as that the house had been built where it was, at that early day, through a mistake as to boundary lines, and that upon discovery of the mistake the conveyance of this piece of ground was obtained for the purpose of securing the site upon which the house stood. John White, Sr., appears to have owned the adjoining eighty-acre tract on the east, the west half of the south-east quarter of section 6, which, together with the one and a quarter acre tract, he conveyed to Samuel White, February 6, 1868.

We think the court below was justified in drawing the inference, from the whole evidence, that John White, Sr., was in possession of this piece of land on May 8, 1838, the time Lackey conveyed to Farris, and on May 6, 1841, when

Farris conveyed to Day. If so, such possession was constructive notice to those grantees of White's prior purchase of the premises. The proof is clear enough that from 1842 to 1876, the time of Samuel White's death, John White, Sr., and Samuel White, successively, were in the continuous possession of the premises, so that there can be no doubt that all the subsequent purchasers after Day, including John White, Jr., were chargeable with notice of the interest of John White, Sr., and of Samuel White, in the land. Although the log house was moved off on the eighty-acre tract in 1844, this was no abandonment of possession, as there was a fence maintained on this small tract in question, and there was an orchard on it, which was cared for, and the fruit gathered from it, by John White, Sr., and those claiming under him.

The delay in bringing the suit is made a point of objection. The bill alleges recent discovery of the mistake. The uninterrupted enjoyment of the possession of the land by John White, Sr., and Samuel White, for so long a period of time without question of its right, so far as appears, and after the death of Samuel White there being set up by John White, Jr., an opposing right, and a disturbance by him of the possession, induces the belief that this action on the part of John White, Jr., led to a discovery of the mistake in the deed. If this were so, it would sufficiently answer the imputation of *laches* in the filing of the bill.

Being of opinion that the decree is sustained by the evidence, it is affirmed.

*Decree affirmed.*