Bardeen, Adm'r, etc. vs. Markstrum.

BARDEEN, Administrator, etc., Respondent, vs. MARKSTRUM, Appellant.

64 613<br>104 610

*November 10 — December 1, 1885.*

*(1) Vendor and purchaser of land: Eviction necessary to recovery for breach of covenant of seizin. (2) Evidence: Transactions with deceased persons.*

1. The presumption is that the grantee in a warranty deed went into possession of the land granted and has not been disturbed therein, and he must show the contrary in order to recover the consideration paid, or to defeat an action upon a promissory note given as a part of such consideration.

[2. Whether after the decease of the payee the maker of a note should be allowed to testify that it was given as part of the consideration for land conveyed to him by the payee, not determined.]

APPEAL from the Circuit Court for *Marathon* County. The case is stated in the opinion.

For the appellant there was a brief by *Eldred & Brown*, attorneys, and *Silverthorn, Hurley & Ryan*, of counsel, and oral argument by *Mr. Neal Brown*. They contended, *inter alia*, that, for the purpose of identifying the note and deed and showing what was the consideration of each, the evidence of the defendant should have been admitted. One of his answers which was stricken out was that the land was the consideration for the note. This related in no way to a transaction with the intestate. *Stewart v. Stewart*, 41 Wis. 624; *Page v. Danaher*, 43 id. 221; *Daniels v. Foster*, 26 id. 686; *Hier v. Grant*, 47 N. Y. 278. The burden of proof was upon the plaintiff to show that his intestate had good title to the land conveyed. *Noonan v. Ilsley*, 21 Wis. 140; *Beckmann v. Henn*, 17 id. 412; *Mecklem v. Blake*, 16 id. 102; *Abbott v. Allen*, 14 Johns. 248; *Swafford v. Whipple*, 3 G. Greene, 261; *Bradshaw's Case*, 5 Coke, 109. But under the ruling of the circuit court the defendant was compelled to prove a negative.

For the respondent there was a brief by *Bardeen & Mylrea*, and oral argument by *Mr. C. N. Brown*. To the point that the presumption was that the defendant took possession of the land and had never been disturbed therein, and that to make his defense available he must show a total failure of consideration by reason of a defect in title and an eviction from the possession, they cited, besides cases cited in the opinion, *Hall v. Gale*, 14 Wis. 54; *Hill v. Butler*, 6 Ohio St. 207; *Small v. Reeves*, 14 Ind. 163; *Morrison v. Underwood*, 20 N. H. 371; *Abbott v. Allen*, 2 Johns. Ch. 519; *Bumpus v. Platner*, 1 id. 213; *Banks v. Walker*, 2 Sandf. Ch. 344. The testimony of the defendant as to the consideration for the note was properly stricken out, under sec. 4069, R. S. *Littlefield v. Littlefield*, 51 Wis. 23; *Kœnig v. Katz*, 37 id. 153; *Stewart v. Stewart*, 41 id. 624.

ORTON, J. This action was brought to recover on a promissory note for $100, given by the defendant, *K. S. Markstrum*,

to Elisha Philbrook in his life-time. The answer was a counterclaim that the note was given as part consideration for certain lands conveyed by Philbrook to the defendant ·by warranty deed for $200 consideration, $100 paid down, and this note given for the balance thereof, and that Philbrook had no title to said lands, and that there was a breach of the covenant of seizin; and judgment for $100 against the plaintiff is asked. Testimony of the defendant that said note was given as part of the consideration of said deed was rejected by the court upon the motion of the plaintiff's counsel, on the ground that such testimony related to a transaction between the defendant and said Philbrook, since deceased, and was therefore incompetent under the statute. Thereupon judgment was rendered against the defendant for the amount of the note, interest, and costs, no other evidence having been offered except the deed and of want of title. We are inclined to think that such testimony was properly rejected; but the primary objection is to the counterclaim itself, as it was neither alleged nor proved that the defendant did not go into and is not still in possession of the premises under said conveyance, or has been evicted therefrom or disturbed therein.

The counterclaim implies a good defense against the note for want of consideration, and claims judgment for the $100 paid. It is not a counterclaim for the damages upon the breach of the covenant of seizin in the conveyance of the land, for which this note was *not* given as a part of the consideration thereof, as an affirmative cause of action irrespective of the note. But in either case nothing but nominal damages can be recovered without proof of eviction, or some disturbance, expense, or inconvenience by reason of the want of title to the premises. This question has been so many times so decided by this court that mere reference to the cases only is necessary. *Taft v. Kessel*, 16 Wis. 273; *Horton v. Arnold*, 18 Wis. 212; *Ludlow v. Gilman*, 18 Wis.

552; *Mecklem v. Blake,* 22 Wis. 495; *Noonan v. Ilsley,* 22 Wis. 27; *Eaton v. Lyman,* 30 Wis. 41; *Smith v. Hughes,* 50 Wis. 620. In the absence of all evidence to the contrary it must be presumed that the defendant is in possession and went into possession under said deed, so that the whole consideration of the note had not failed, and he has yet received no damage by want of title. *Talmadge v. Wallis,* 25 Wend. 107.

There appears to be no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.