No. 9191.

HITCHENS v. MILNER LAND, COAL AND TOWNSITE COMPANY.

1. PLEADING—*Laches*. The defense is presented only by answer.
2. NEGLIGENCE—*In Matters of Contract*. The execution of a conveyance of lands is not, of itself, a bar to an action for its reformation.
3. EQUITY—*Reformation of Writings*. The party complaining is not barred of relief by the circumstance that he executed the paper without reading it.
4. *Bona Fide Purchaser*. To constitute one a bona fide purchaser he must have parted with value, without actual or constructive notice of the right of another.
5. NOTICE—*Possession of Lands*, open and exclusive, is notice of the interest of the one in possession.
6. *Possession of a Ditch and its Waters*. A doctrine applies to an easement, e. g., to a water right.

The possession and use are deemed continuous, though the water is not applied during the winter season.

That the water never was or could be applied to the land to which it was erroneously conveyed, might be sufficient to put subsequent purchasers of the land upon notice.

*Error to Routt District Court, Hon. John T. Shumate,*
*Judge.*

Messrs. GOODING & GOODING, Mr. ADDISON GOODING, JR., for plaintiff in error.

Mr. JOSEPH K. BOZARD, for defendant in error.

Opinion by Mr. Justice Allen.

THIS is a suit for the reformation of a deed of trust, and to have the plaintiff declared to be the owner of a certain

ditch and water right which is alleged to have been erroneously included in the description of property in the trust deed. The main question presented for our consideration is the sufficiency of the complaint, when tested by the demurrer which was filed by the defendant, and sustained by the trial court. The plaintiff below elected to stand on the complaint, and brings the cause here for review upon the question above mentioned.

The suit was brought on December 28, 1915. The complaint for a first cause of action alleges, in substance, that on March 10, 1897, the plaintiff was the owner in fee simple of a certain tract of land and also "The Farnsworth Ditch and Water Right, same consisting of 2.66 cubic feet of water per second of time, adjudicated to the plaintiff;" that at that time the plaintiff, desiring to secure a loan, offered to one Harding the above mentioned land as security for a loan, "expressly and specifically excepting from such offer the said Farnsworth Ditch and Water Right," and the said Harding agreed to loan the sum of $500 on such land; that on March 19, 1897, the plaintiff executed his certain deed of trust to the Public Trustee of Routt County, Colorado, to secure to one W. H. Seegar, for whom Harding was the agent, the repayment of the loan of $500.00; that the trust deed was prepared by Harding; that Harding, contrary to the agreement with the plaintiff, and to the intention and understanding of the parties, falsely and fraudulently and with the intention of making a profit for himself, "inserted in said deed of trust a description of said Farnsworth Ditch and Water Right, and the plaintiff relying on the skill and capacity of said Harding, he being then and there an attorney at law, and relying upon his integrity and honesty, signed and executed said deed of trust, without reading the same, and without knowing that thereby he conveyed his interest in and to said Farnsworth Ditch and Water Right, along with said land, to said Seegar."

The complaint further alleges that the land conveyed lies high above the Farnsworth Ditch, and that it is impossible by reason thereof to apply any part of the water

to that tract of land; that ever since plaintiff executed the deed of trust, conveying the above mentioned tract of land, he

"has been in the actual and exclusive possession of said ditch and water right, and has used the same throughout the summer months of each year, and did not know of the fact of said trust deed describing said water right and ditch until on or about the 2nd day of August, 1915."

· Subsequent purchasers of the property, described in the deed of trust, are then named in the complaint, and it is alleged that neither the defendant, the last purchaser, "nor its predecessors in interest or privies in estate in said lands have ever at any time used said water through said ditch or otherwise or at all, and have never at any time, although at all times aware of the fact of the plaintiff's continuous and notorious use of said water and said ditch, attempted to restrain him from so using said water and ditch, nor in any manner or method asserted or attempted to assert any right, title, or interest in or to said ditch and water right."

The prayer of the complaint, after setting up a first cause of action, is for the reformation of the deed of trust "and that it be so revised and amended as to omit from the description therein · said Farnsworth ᵔ Ditch and Water Right," and "that the title to said ditch and water right be declared in the plaintiff as of fee simple, and that the defendant be adjudged to have no right, title, or interest therein."

The demurrer alleges that the complaint "shows that the plaintiff has been guilty of laches in bringing this action." The court has several times held, as stated in *Allen v. Blanche Gold Mining Co.*, 46 Colo. 199, 202, 102 Pac. 1072, 1073, that "the procedure in this jurisdiction requires the question (of laches) to be raised by answer, not by demurrer." In *Ballard v. Golob*, 34 Colo. 417, 429, 83 Pac. 376, 380, it is said:

"Moreover, it has repeatedly been held by this court that when laches is interposed as a defense to an action that the

proper procedure is to raise it by answer. This is upon the ground that the party against whom laches is charged shall have an opportunity to explain, and while a very great number of authorities hold that when such facts appear in a complaint that it may be taken advantage of by demurrer, we are committed to the other doctrine."

To the same tffect are the following cases: *Price v. Immel,* 48 Colo. 163, 169, 109 Pac. 941; *French v. Woodruff,* 25 Colo. 339, 54 Pac. 1015; *Fairplay v. Park County,* 29 Colo. 57, 60, 67 Pac. 152.

The demurrer should undoubtedly have been overruled so far as any of its grounds raised the question of laches.

Another ground of the demurrer is that the complaint "pleads no equity," and under this head the defendant in error contends that the complaint shows that plaintiff "was negligent in the execution of the instrument" because he failed to read the deed of trust at the time of signing the same. In *Lloyd v. Lowe,* 63 Colo. 288, 165 Pac. 609, this court held, in a case where a grantee accepted a deed containing an assumption clause which was inserted in the deed contrary to the agreement of the parties, and without the knowledge of such grantee, that the fact that the grantee did not read the deed * * * does not charge him with negligence." It has been repeatedly held that the fact that a person accepts or signs an instrument without reading the same is not of itself a conclusive barrier to suit. 34 Cyc. 950. A party's failure to read a document may be excused "where, for any special reason, the one party imposed implicit trust and confidence in the other." I Black on Rescission and Cancellation, sec 56, p. 130. The complaint alleges that the plaintiff relied on the skill, capacity, integrity and honesty of Harding, an attorney at law and the agent of the grantee, who prepared the deed of trust. We think the complaint, under the authorities above cited, contains sufficient allegations to negative negligence, and, as said in 34 Cyc. 976, "when no negligence of complainant is shown, the bill is not demurable for want of equity."

It is alleged in the demurrer, as one of the grounds thereof, that the complaint "pleads matters of which this defendant had no notice, and could not have had notice," and that "there is nothing of record to place defendant upon inquiry as to the claim of plaintiff." This amounts to alleging that the complaint fails to show that the defendant was not a bona fide purchaser, and both sides argue the demurrer on the theory that such question is raised.

"To constitute a bona fide purchaser it is necessary that such purchaser must have parted with value, and that he must have taken without notice, actual or constructive." 34 Cyc. 958.

The plaintiff in error contends, in effect, that the complaint shows by its allegations that the defendant had constructive notice of the plaintiff's rights because, as alleged, the plaintiff had actual and exclusive possession of the ditch and water right in question. As a general rule possession of real estate is constructive notice of the title of the possessor. 39 Cyc. 1744. The general rule was expressed by this court in *Davis v. Purcell,* 55 Colo. 287, 299, 134 Pac. 107, 111, as follows:

"Possession of real estate, open and exclusive, is sufficient to put a would-be-purchaser upon inquiry, and constitutes notice of the interest the one in possession has in the fee, whether legal or equitable in its nature."

The doctrine is applied or mentioned also in the following: *Yates v. Hurd,* 8 Colo. 343, 8 Pac. 575; *Coffee v. Emigh,* 15 Colo. 184, 25 Pac. 83, 10 L. R. A. 125; *Jerome v. Carbonate Nat. Bank,* 22 Colo. 37, 43 Pac. 215; *Runyan v. Snyder,* 45 Colo. 156, 100 Pac. 420.

The rule that possession is notice to subsequent purchasers has been applied in cases where, as here, the party having and alleging possession is the plaintiff in a suit to reform an instrument which purports to vest title to the land, so possessed, in another. *White v. White,* 105 Ill. 313; *Bayard v. Norris,* 5 Gill (Md.) 468, 46 Am. Dec. 647. In 39 Cyc. 1754, it is said:

"Where by fraud or mistake the deed includes land other than that intended to be conveyed, continued possession by the grantor is constructive notice to a subsequent purchaser from the grantee."

See also *Kentland Coal and Coke Co. v. Elswick*, 167 Ky. 593, 181 S. W. 181.

In the instant case the rule is sought to be applied to a ditch and water right. The right to use water for irrigation is real estate. *Davis v. Randall*, 44 Colo. 488, 99 Pac. 322. That a ditch is an easement has been frequently declared. I Wiel on Water Rights (3rd ed.), sec. 455, p. 480; *Blake v. Boye*, 38 Colo. 55, 88 Pac. 470, 8 L. R. A. (N. S.) 418. The doctrine of notice by possession applies to easements. 39 Cyc. 1751. We are of the opinion, therefore, that the doctrine is applicable to ditch and water rights. Practically the same reasoning is followed in *Neilsen v. Parker*, 19 Ida, 727, 115 Pac. 488, where the court held that the diversion and beneficial use of water from a stream is such a possession which gives actual notice to every intending appropriator of the water from the same stream. The court said: "It is like a man being actually in possession of realty; indeed, a water right is realty in this state."

The possession, described in the complaint, is such a possession as is required to give constructive notice under the rule above discussed. The fact that the ditch and water right is not actually used during winter months, does not prevent the possession and use from being continuous and uninterrupted within the meaning of the rule. I Wiel on Water Rights (3rd ed.), sec 583, p. 629; 1 Words & Phrases (2nd series), 975. The complaint also shows that the ditch and water right could not be, and never had been, used upon the land conveyed in the trust deed in question. This was another circumstance, added to that of the plaintiff's possession, which might be said to be sufficient to have put the defendant upon inquiry.

The complaint, so far as it attempts to set forth a first cause of action, is good as against the various grounds stated in the demurrer.

The second cause of action appears to be one wherein the plaintiff claims title to the ditch and water right by adverse possession. So far as the demurrer goes to this cause of action, it does not point to any valid reason why a cause of action is not stated. Most of the grounds of the demurrer in this respect are the same as those laid with reference to the first cause of action, and, like them, cannot be sustained, for reasons already discussed.

The demurrer questions the sufficiency of the second cause of action also upon the ground "that plaintiff is attempting to defeat his own conveyance." There is no merit in the demurrer in this connection. A grantor may originate a possession adverse to his grantee. 1 R. C. L. sec. 76, p. 752; 2 C. J., sec. 251, p. 145.

Furthermore, as stated in 32 Cyc. 1319,

"Equity will quiet title to that part of a tract of land included by mistake in a conveyance regular on its face, at least where complainant and his grantors have remained in possession ever since the conveyance was made."

We find no allegation in the entire demurrer which successfully shows wherein the complaint or any part thereof, is demurrable. We are of the opinion that the demurrer, for the reasons above named, should have been overruled, and that the court erred in sustaining the same. The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Reversed.

Chief Justice Garrigues and Mr. Justice Bailey concur.