TAYLOR, Appellant, v. NISSEN, et ux, Respondents.

(235 N. W. 703.)

(File No. 6804. Opinion filed April 6, 1931.)

*H. L. Woodworth,* of Ipswich, for Appellant.

*Williamson, Smith & Williamson,* of Aberdeen, for Respondents.

ROBERTS, J. This is an action upon a promissory note. The defendants admitted the execution of the note, but alleged in defense that the note was given with a real estate mortgage and pursuant to an agreement that there would be no personal liability. There was also interposed a counterclaim for damages for breach of contract to paint certain farm buildings. From judgment for defendants and order overruling motion for new trial, plaintiff appeals.

Plaintiff and defendant W. C. Nissen entered into an agreement, dated November 15, 1919, to exchange properties. Under the terms of this contract, W. C. Nissen agreed to execute and deliver to the plaintiff as a part of the difference of the agreed values of the properties exchanged a note for $5,000 secured by a second real estate mortgage on four hundred eighty acres of land. The parties to the contract during January, 1920, met at Nissen's office, and there a memorandum in duplicate was prepared by Nissen showing the values that were placed upon their respective properties in the exchange and the payments to be made by Nissen. The original was retained by Nissen, and a carbon copy was delivever to plaintiff. The parties to this contract again met at Nissen's office on February 26, 1920, for the purpose of exchanging conveyances and of completing their transaction. Plaintiff brought with him a form of mortgage and a note for $5,000 to be executed by both Nissen and his wife. Nissen testified that he objected to his wife signing the note, and also complained that plaintiff had not

performed his agreement to paint the building upon the land which plaintiff agreed to convey to him; that plaintiff insisted that Mrs. Nissen sign the note and mortgage, and plaintiff said that he was willing to waive the personal liability on the part of the defendants, for the reason that the land was sufficient to secure the indebtedness. Nissen further testified that he, in the presence of plaintiff interlined in the memorandum prepared at their meeting in January with these words: "To be secured by second mortgage but no personal liability," and these words appear in the memorandum, admitted in evidence after the words, "Note due July 1st, 1920 8% $5,000." There is also added the following statement in this memorandum: "Feb. 26, 1920. I hereby agree to see that buildings referred to are painted on or before July 1st. 1 coat." There appears at the bottom of the memorandum the name "J. B. Taylor." Plaintiff testified that there was no conversation with reference to waiver of personal liability, and that the memorandum did not contain the interlineation referred to at the time he signed the same. The note and mortgage for $5,000 were signed by both defendants and delivered to plaintiff.

 The note for $1,500, secured by a real estate mortgage, upon which this action was instituted, was executed and delivered by the defendants to plaintiff, and both the said note and mortgage securing same were dated March 1, 1921. It is admitted that this note represents a part of the same indebtedness as evidenced by the note for $5,000. In a letter, accompanying the renewal note and mortgage, addressed to plaintiff, Nissen wrote: "I herewith enclose my note and mortgage for $1,500.00 * * * This cleans up our old deal. Kindly return old note and mortgage to me promptly." Plaintiff contends that, at the time of the delivery of the second note, the parties negotiated a complete settlement, and that the acceptance of the new note and mortgage and surrender of the original note and mortgage constituted payment thereof. The defendants on the other hand maintain that the note for $1,500 was a renewal of the original obligation, and that the agreement to waive personal liability for any deficit, after exhausting the security described in the mortgage, continued in effect. A renewal note does not extinguish the original indebtedness unless there is an express agreement that the renewal note shall be received as payment. Andrews v. First National Bank

of Los Angeles, 55 Cal. 138, 203 P. 156; Auld v. Walker, 107 Neb. 676, 186 N. W. 1008. The plaintiff admitted that the second note was a renewal, and there is no evidence that there was an express agreement of the parties that the renewal note was intended as payment. The renewal note represented a part of the original indebtedness, and was simply an extension of time of payment.

██ ██ It is urged by appellant that the trial court erred in admitting the testimony of Nissen relating to the circumstances pertaining to the insertion of the provision in the memorandum providing that the note was "to be secured by a second mortgage" and that defendants were to incur no "personal liability" thereon and to his conversation with plaintiff in reference to such insertion. The note for $5,000 secured by a second mortgage and the memorandum referred to were contemporaneous writings, referring to the same parties and relating to the same subject-matter, and, as between the parties chargeable with notice, the two instruments were properly construed together. The evidence was admissible to show the circumstances under which the insertion in the memorandum was made, and did not come within the rule that parol evidence is inadmissible to vary or contradict the terms of a written instrument. Miller v. Way et al., 5 S. D. 468, 59 N. W. 467; Smith v. Johnson, 30 S. D. 200, 138 N. W. 18.

██ Plaintiff contends that there was no agreement with respect to the renewal note that the defendants would not be personally liable, and for this reason the evidence is insufficient to sustain the verdict. The rule stated generally is that a renewal note is subject to those defenses which might have been made against the original note as between the original parties and against transferees who are not bona fide purchasers for value. 8 C. J. 444; Joyce on Defenses to Commercial Paper, vol. 1, § 361. See, also, Black Hills National Bank v. Kellogg, 4 S. D. 312, 56 N. W. 1071. The defense that the defendants were not personally liable by reason of the agreement of the parties was equally available against the renewal note as against the original. The evidence as to the existence of the agreement was conflicting; determination of this issue of fact in view of the conflict in the evidence was exclusively for the jury, and its verdict is final, there being in the record sufficient evidence to sustain the verdict and no error prejudicial to the plaintiff.

Judgment and order appealed from are affirmed.

MISER, C., sitting in lieu of CAMPBELL, J., disqualified.
POLLEY, P. J., and WARREN and MISER, JJ., concur.
RUDOLPH, J., not sitting.