## Austinville Building Corporation, Appellee, v. Henry Lurie, Appellant.

### Gen. No. 37,555.

Opinion filed November 5, 1934.

DITCHBURNE & LOUNSBURY, for appellant; HARRY S. DITCHBURNE and CHARLES E. LOUNSBURY, of counsel.

JOSEPH R. ROTH, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is an appeal by defendant from an adverse judgment in an action of forcible detainer, upon the verdict of a jury.

Plaintiff relies on clause 6, paragraph 2, of the Forcible Entry and Detainer Act, Cahill's St. ch. 57, which provides that a person entitled to possession of lands and tenements may be awarded the same "When lands or tenements have been conveyed by any grantor in possession . . . and the grantor in possession . . . refuses or neglects to surrender possession thereof after demand in writing by the person entitled thereto, or his agent."

Upon the trial plaintiff showed by the testimony of Julia Ehrman that she and the defendant were the

joint owners of the property in question, which was improved with an apartment building; that on December 28, 1932, she and the defendant by separate instruments quitclaimed all their interest in the property to the Austinville Building Corporation, the plaintiff, which deeds were duly recorded. Defendant occupied apartment No. 406 in the building; he paid no rent for the same, and in December, 1933, demand was made upon him for the rent; he did not tender any rent at any time and made no answer to the demand for rent. In February, 1934, plaintiff through its agent demanded of defendant immediate possession of the premises occupied by him, which demand was served upon defendant in person; defendant still refusing to deliver possession, plaintiff brought this forcible detainer action.

In this court defendant presents some 14 points in an attempt to secure a reversal. None of them is sufficient for this purpose.

The agency of Julia Ehrman and her authority to act on behalf of plaintiff are questioned, but the evidence sufficiently establishes her authority.

Defendant argues that there is an absence of evidence that he was in possession at the time when the quitclaim deeds to plaintiff were executed. In the absence of evidence to the contrary it will be presumed that possession was in defendant when he jointly owned the premises and quitclaimed his interest. *Ewers v. Smith,* 90 N. Y. S. 575; *Bardeen v. Markstrum,* 64 Wis. 613; *Jordan v. Jordan,* 145 Miss. 779; *Moyle v. Campbell,* 126 S. C. 180; 22 C. J., sec. 64, p. 125. In *White v. White,* 105 Ill. 313, cited by defendant, the court held that the mere fact of possession in 1842 would raise no presumption of a prior possession in 1841 or in 1838, but that an inference of previous possession in the grantee could be drawn from a deed made in 1838, together with other facts.

In the instant case the presumption of possession in the defendant arises from his conveyance as grantor, together with the testimony of Julia Ehrman, which indicates this possession.

The proof sufficiently identified the property as included in the legal description contained in the quit-claim deeds. In the case of *Richards v. Kaplan,* 274 Ill. App. 655 (Abst.), no demand for possession was made. Such a demand was made in the instant case.

Upon the trial defendant presented no evidence, and no sufficient reason for reversal is presented in this court. The judgment is therefore affirmed.

*Affirmed.*

O'CONNOR, P. J., and MATCHETT, J., concur.