Louis J. KARZEN and Richard S. Gurvey,
partners of the Atlas Piano Company,
Plaintiffs and Respondents,

v.

B. F. HEITZMANN, Defendant and
Appellant.

No. 7718.

Supreme Court of North Dakota.

Nov. 27, 1957.

Strutz, Jansonius & Fleck, Bismarck, for defendant and appellant.

August Doerr, Napoleon, for plaintiffs and respondents.

MORRIS, Judge.

The plaintiffs are dealers in pianos with their principal place of business in Chicago, Illinois. The defendant is a retail dealer in furniture, musical instruments and appliances whose place of business is in Ashley, North Dakota. He has been tuning and servicing pianos since 1926 or 1927. In July of 1953 he went to Chicago to buy some pianos and on the 16th of that month went to the place of business of the plaintiffs where he examined their stock of used pianos. He selected and purchased 15 of them. After making this purchase he inquired about Ludwig pianos and the plaintiff Karzen told him, "We have a couple new Ludwig pianos right here, spinets." Heitzmann testified that Karzen promised that with these pianos he would furnish benches, warranty certificates and descriptive literature. Heitzmann contends that relying upon the representations that the pianos were new and the promise that benches, certificates and literature would also be furnished, he purchased them. The defendant agreed to pay $850 for the spinets, which included transportation to Ashley. The total purchase price for all of the pianos was $2,950, including delivery charges.

In settlement for his purchases the defendant paid some cash and gave six promissory notes payable to the Atlas Piano Company for varying amounts. The total of these notes was $2,000. Three were dated July 31, 1953 and three were dated September 3, 1953. They were due at various times ranging from 30 to 120 days after date.

About 20 days after the purchase was made the pianos were delivered to the defendant at his store in Ashley. Some payments were made on the notes from time to time. On April 30, 1954, there remained unpaid a balance of $1,318.67 for which the defendant on that date executed three new notes, one being for $439.56 due in 60 days, one for $439.56 due in 90 days, and a third note for $439.55 due in 120 days. The defendant paid $200 on the first note on June 25, 1954. He made no other payments and the plaintiffs brought suit on these notes in February, 1955. The defendant answered and counterclaimed. He alleges that the notes upon which suit was brought were given for the sale by the plaintiffs to the defendant of 15 used pianos and 2 Ludwig spinet pianos, that the plaintiffs represented and warranted that the 2 Ludwig spinet pianos were new and unused whereas they were second hand, used and damaged. The defendant also alleges that the plaintiffs promised to furnish two matching benches, customary warranty certificates and sales literature for the spinet pianos and failed to supply the benches, warranty certificates or literature. With respect to the used pianos the defendant alleges that the plaintiffs falsely and fraudulently, and with intent to deceive and defraud the defendant, represented and warranted that the 15 used pianos were reparable and that by tuning, cleaning and minor repairs they could be made salable as good used pianos, and that these representations were false and the used pianos were not reparable as represented, that extensive reconditioning and repair and replacement of parts was necessary, and that one of the pianos was beyond repair and that these representations constituted a fraud upon the defendant. The defendant then alleges that he was forced to sell the used pianos at less than market value of pianos of like name and design and was forced to sell the two spinets as used and damaged pianos at less than the market value, that he has sustained substantial loss of profit and was forced to purchase custom made benches, all to his damage in the sum of $900. The defendant also asks exemplary or punitive damages in the sum of $1,000. This pleading seems to allege a breach of warranty with respect to sale of the two spinet pianos and fraud with respect to the 15 used pianos.

The case was tried to the court without a jury. Judgment was rendered in favor of the plaintiffs and against the defendant

for the full amount due on the notes plus costs. The defendant appealed. Specifications of Errors of fact and law were attached to and served with the Notice of Appeal and were made a part of the Settled Statement of the Case.

An examination of the Specifications of Error as related to the transcript discloses that the court entertained a misconception of the law with respect to the admissibility of evidence which the defendant offered in support of his contention that the purchase of the pianos for the part payment of which he gave the six original notes was induced by fraud and a warranty that was breached. Some of this evidence was erroneously excluded, but was presented in the form of an offer of proof.

Mr. Heitzmann testified that he signed the three notes upon which this suit is brought under an agreement with Mr. Karzen that the latter would make a proper adjustment of the defendant's claims and that these claims were still under negotiation at the time the new notes were given. The court, however, took the position that the giving of the new notes on April 30, 1954, constituted a completely new transaction. In deciding the case from the bench he said:

'It seems to the Court that it is a transaction in which, if Mr. Heitzmann was to have any adjustment, he should have had the adjustment on April 30, 1954, before he ever signed these notes, because he knew at that time the condition of the pianos and their value, and I consider the signing of the notes at that time as a ratification of any representations, if any were made."

■ The trial court overlooked the well established legal proposition that the taking of a new note for an existing note merely extends the time of payment of the old indebtedness and is not payment of the debt unless the parties specifically agree that the original debt is to be extinguished. In re Beaver Drainage Dist., 244 Wis. 603, 13 N.W.2d 76, 14 N.W.2d 181; Wenzel v.

Conrad Schmitt Studios, 244 Wis. 160, 11 N.W.2d 503; Taylor v. Nissen, 58 S.D. 299, 235 N.W. 703. A renewal note as distinguished from a new note, specifically taken as satisfaction of the debt, is as between the original parties open to all defenses which might have been made against the original note. International Harvester Company of America v. Thomas, 43 N.D. 199, 176 N.W. 523; Scandinavian American Bank v. Westby, 41 N.D. 276, 172 N.W. 665; Mettlen v. Sandoz, 131 Neb. 625, 269 N.W. 98.

■ We now consider the evidence bearing upon the defendant's counterclaim. With respect to the used pianos it is contended that the plaintiffs warranted them to be "reparable". Defendant testified that Mr. Karzen took him into a room where there were a number of used pianos. Defendant examined these pianos. He thus describes the transaction:

"So I went about picking out the ones I wanted, and he took down the serial numbers of the pianos that I chose; and every time I got to a piano that looked pretty good, I said, 'Is this repairable?' And he said, 'Yes, absolutely, I am sure you can repair that with very little expense or trouble, and it is ready for resale.' So at his representation or word, I purchased the used pianos, I believe it was 15 of them."

The defendant has no complaint about 14 of the used pianos. They have been sold. He still has one on hand, a Chickering, for which he paid $135. When the defendant was asked what steps he had taken to have the piano repaired, he said:

"I have written to several companies trying to get the repairs, and all they say is they can't produce them, and the only thing to do is fix it up the best you can and sell it."

The record does not show that the defendant ever offered to return this piano to the plaintiffs. There is no testimony as to its value nor does the evidence show that a return of the purchase price was demanded.

He was asked, "Have you tried to fix that piano?" He answered, "Yes, I have." Only by inference does it appear in a general way that the defendant has been unable to repair this piano. There is no testimony as to what the defects are, what repairs are needed or to what extent the needed repairs would reduce the resale value. Assuming that there was an express warranty that this piano was reparable, there is a complete failure on the part of defendant to prove the amount of damages he has suffered from breach of that warranty.

The defendant complains that the court erred in denying the defendant's motion to amend his answer and counterclaim to include the defense of failure of consideration. The court did deny the motion at the time it was made at the close of the case, but in pronouncing his decision from the bench he treated the failure of consideration as though it were alleged, discussed it as a defense and determined that it was not sustained by the evidence. We will therefore treat failure of consideration as a pleaded defense.

■ The preponderance of the evidence shows that at the time the 2 spinet pianos were purchased they were represented to be new instruments. This representation constituted a warranty. They were not new but were used pianos. This evidence indicates that the defendant was induced to purchase the two spinets by a warranty that was breached.

■■ At the time of sale the plaintiffs agreed to include two piano benches with the price of the pianos. The failure to furnish these benches constituted a breach of the agreement and partial failure of consideration. This brings us to the question of damages suffered by the defendant because of breach of warranty and failure of consideration. The defendant testified that if the pianos were new the retail sales price would have been $750 each and claims that because of the fraud perpetrated upon him he was damaged to the extent of $350 with respect to each instrument. This claim is based upon a prospective or anticipated profit. In some cases such profits may be recovered as damages but not in this case. The defendant is foreclosed from such a recovery by the testimony of his own witnesses. He sold both pianos as new and not as used pianos. He sold them without certificates of warranty but did provide benches for the purchasers. The witness Grenz testified that he bought the walnut finished spinet from the defendant in February, 1954. He said, "I bought it as a new piano * * *. I paid four hundred dollars plus a record changer." The mahogany finished spinet was purchased by the witness Sockman who said he paid $375 plus an old piano and sales tax. This piano had a deep mark or scratch on one side which the defendant points to as being one of the indications that the instrument was second hand. However, Sockman says, "I bought it as a new one." In testifying as to the scratch he says, "What I found on the outside was that mark. Of course he told me that before he sold me the piano, that it's damaged in shipment, and he allowed me a twenty-five dollar discount for that mark, which we agreed on when he made the sale."

It is clear from the testimony of these witnesses that the defendant sold both pianos as new pianos. He furnished no certificates of warranty. It does not appear that either purchaser has made any claim against the defendant. It follows that he suffered no damage by reason of the fact that the pianos were not new, for he made the same representations to his customers when he sold the pianos as he claims the plaintiffs made to him when he purchased them. Because of the obvious mark or scratch on the side of the mahogany instrument he allowed the purchaser a discount of $25. That sum is the extent of the damage that he suffered because the pianos were misrepresented as being new.

The plaintiffs agreed to furnish the defendant benches with the two spinet pianos. This they failed to do. The defendant when he sold them also agreed to furnish

benches, which he did. He testified that these benches cost $8.50 each. He has therefore been damaged by the failure of the plaintiffs to furnish these benches in the sum of $17, which when added to the $25 which he allowed his customer for the mark on the mahogany piano, makes a total of $42 for which sum he is entitled to credit on the notes sued upon.

The judgment appealed from will therefore be modified by allowing the defendant a credit thereon of $42 as of July 31, 1953. As so modified the judgment is affirmed.

GRIMSON, C. J., and SATHRE, JOHNSON and BURKE, JJ., concur.